UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 08 CR 526 |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| FREDRICK FARMER. | ) | |

**MEMORANDUM AND ORDER**

Defendant Fredrick Farmer is charged with conspiring to and attempting to possess with intent to distribute more than 500 grams of cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. The charges stem from his alleged purchase of 3 kilograms of cocaine from a confidential source cooperating with the government.

In advance of his upcoming trial, the parties have filed motions in limine and, in addition, Farmer has filed a motion to suppress. For the reasons that follow, the motions in limine are granted in part and denied in part.

**Government's Motion In Limine [89-1]**

      A.    *Motion to Recall Witnesses*

The government has moved to be allowed to call Drug Enforcement Administration special agent Billy Conrad to the stand at least twice during its case-in-chief so that it can present its case "in an episodal manner." Farmer has not objected, and therefore the motion is granted.

      B.    *Motion to Exclude Evidence of Draft Transcripts Other Than to Impeach the Preparer of the Draft*

Next, the government seeks to exclude evidence of or any testimony about draft transcripts of recorded conversations. Farmer has not objected, and therefore the motion is granted.

      C.    *Motion to Admit Evidence of Farmer's 2003 Conviction*

The government seeks to introduce into evidence a conviction Farmer received in state court in 2003 for possession of cocaine. Under Federal Rule of Evidence 404(b), evidence of prior bad acts is inadmissible to "prove the character of a person in order to show action in conformity therewith." However, evidence of prior bad acts may be admitted to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident." *Id.* To be admissible as evidence of an issue other than propensity, the other act must be similar and close in time to the offense charged, there must be sufficient evidence that the defendant committed the other act, and the probative value of the other act must not be substantially outweighed by the danger of unfair prejudice. *See United States v. Hurn*, 496 F.3d 784, 787 (7th Cir. 2007).

The government identifies two issues other than propensity to which it contends that Farmer's prior cocaine offense would be relevant: (1) it would show that Farmer intended to distribute the three kilograms of cocaine he purchased as part of the instant offense; and (2) it would show that Farmer was not merely an innocent bystander to the instant offense. In support, the government cites *United States v. Macedo*, 406 F.3d 778, 793 (7th Cir. 2005), in which the court concluded that a prior drug conviction could be used to prove intent to redistribute and to dispel the notion that the defendant was an innocent bystander. However, in *Macedo*, the Seventh Circuit acknowledged that its decision was a close case, and decided only that allowing such evidence was not an abuse of discretion. *Id.* The Seventh Circuit did not hold that evidence of prior convictions *must* be admitted under such circumstances.

The court has carefully weighed the parties' arguments and, in its discretion, concludes that the probative value of Farmer's prior conviction is susbstantially outweighed by the danger of unfair prejudice. As Farmer argued in his opposition to the government's motion, the circumstances of the instant offense leave little doubt that the 3 kilogram quantity of cocaine at issue in the instant offense was a distribution amount of cocaine, not an amount consistent with a purchase for personal use. Thus, as Farmer put it, it "would certainly be absurd for [counsel] to try to argue that the defendants in this case conspired to purchase three kilograms of cocaine, but never had the specific intent to distribute it." Farmer's Response [96-1] at 3. Thus, Farmer's prior conviction would offer little additional probative value of his intent to distribute the 3 kilograms of cocaine. As to the issue of whether Farmer was an innocent bystander, the court is not persuaded that the probative value of his prior conviction on that issue is not substantially outweighed by the risk that jurors will convict Farmer based upon a propensity to engage in drug offenses.

Accordingly, the motion to admit evidence of Farmer's 2003 conviction is denied. However, the court will revisit if events at trial raise an issue other than propensity to which Farmer's 2003 conviction would be relevant.

> D. *Motion to Admit Evidence of Prior Convictions for Impeachment*

Next, in the event that Farmer testifies at trial, the government seeks to introduce evidence of Farmer's 1998 conviction for being a felon in possession of a firearm. Under Federal Rule of Evidence 609, evidence of an accused's prior felony conviction is admissible to attack the accused's character for truthfulness if (1) the conviction or release from confinement for the conviction occurred 10 years ago or less and the probative value of the conviction

outweighs its prejudicial effect, or (2) the conviction or release occurred more than 10 years ago and its probative value substantially outweighs its prejudicial effect.

The government argues that Farmer's 1998 conviction is admissible under Rule 609 because he completed his sentence for that conviction less than 10 years ago. But according to Farmer, he was released from prison on November 20, 1998, nearly 11 years ago. Moreover, the government offers no explanation in its brief why the probative value substantially outweighs the prejudice likely to result from evidence of a conviction for being a felon in possession in a firearm (which is necessarily predicated on an even older felony conviction that even the government has not sought to admit).

Because the government has not established that the probative value of Farmer's 1998 conviction substantially outweighs its prejudicial effect, the government's motion to admit the conviction is denied.

**Government's Motion to Admit Coconspirator's Statements [90-1]**

The government seeks to admit statements of Farmer's alleged coconspirators. The government identifies two groups of statements it seeks to admit: (1) statements made by codefendant Xavier Herrera, who was secretly recorded on the day of the instant offense, and (2) unspecified statements that may be recounted by special agent Conrad and the government's confidential source during their testimony at trial.

Under Federal Rule of Evidence 801(d)(2)(E), a statement that might otherwise be inadmissible hearsay may be offered against a party if it was made "by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible, the government must establish by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and declarant were members, and (3) the statement was made during the course and in furtherance of the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

According to the government's proffered evidence, Herrera, Farmer, codefendant Juan Gutierrez, and an unidentified coconspirator (Individual B) arrived together at a Burger King restaurant in Chicago to purchase kilogram quantities of cocaine from a confidential source working with the government. The government's evidence includes recordings made on July 3, 2008, in which Herrera advises the confidential source that he will be arriving with Farmer to purchase the cocaine. This evidence satisfies the government's burden of establishing a conspiracy for the purpose of admitting coconspirator statements. *See United States v. Hatten-Lubick*, 525 F.3d 575, 579 (7th Cir. 2008) (evidence of working in concert to obtain drugs is evidence of a conspiracy).

The government has also established by a preponderance of the evidence that Herrera's statements recorded on July 3, 2008, were made in furtherance of the conspiracy. For instance, Herrera was recorded advising the confidential source that he and Farmer had arrived together in

Chicago, were there to purchase cocaine, and that Farmer would be purchasing a lesser quantity of cocaine than originally planned. Such statements were made in furtherance of the conspiracy, and therefore are admissible under Rule 801(d)(2)(E).

As for the unspecified statements that may be recounted by special agent Conrad and the government's confidential source at trial, because the government has not identified precisely what statements it seeks to admit, the court cannot assess whether the statements were made by coconspirators, or whether the statements were made in furtherance of the conspiracy. The government's failure to identify the precise statements it seeks to admit also leaves the court unable to analyze whether the statements are admissible under the government's alternative theory that they are not assertions under Rule 801, citing *United States v. Tuchow*, 768 F.2d 855, 867-89 (7th Cir. 1985) (statements that are not assertions because they are incapable of verification, such as orders or mere suggestions, or are offered merely to show the existence, illegality, or nature and scope of the charged conspiracy, rather than to establish the truth of the matter asserted, are not inadmissible hearsay).

In summary, the motion to admit the statements of Herrera recorded on July 3, 2008, identified in the government's motion is granted, while the motion to admit unspecified statements that may be recounted by special agent Conrad and the confidential source is denied without prejudice to the government renewing its motion after identifying the precise statements it seeks to admit.

**Farmer's Motion in Limine [93-1]**

    *A.    Motion to Exclude Evidence of Firearms Possessed by Codefendant Herrera*

Farmer seeks to exclude evidence of sixteen firearms recovered from codefendant Xavier Herrera, including 16 firearms recovered from his home, and two other guns recovered from Herrera at the scene of the instant offense.

The government responds that at this time it does not intend to introduce such evidence unless "the defendant himself presents evidence on this issue." Accordingly, the motion to exclude evidence of Herrera's firearms is granted.

    *B.    Motion to Exclude Evidence of Meetings Between Codefendant Herrera and the Cooperating Source*

Next, Farmer seeks to exclude evidence of meetings between codefendant Xavier Herrera and the government's cooperating source that occurred before the instant offense. Farmer argues that meetings and statements by coconspirators that occurred before he allegedly joined the conspiracy on July 3, 2008, are irrelevant. However, "statements made during the course of and in furtherance of a conspiracy, *even in its embryonic stages, are admissible against those who arrive late to join a going concern.*" See *United States v. Potts*, 840 F.2d 368, 372 (7th Cir.

1987). Accordingly, Farmer's argument that the statements are irrelevant merely because they predate his alleged involvement in the conspiracy is unavailing, and his motion to exclude the statements on that basis is denied.

However, this is not to say that the evidence he seeks to exclude is admissible. To be admissible, the out-of-court statements described by Farmer must either fall outside the definition of hearsay or fall under an exception to Rule 802, which excludes the use of hearsay evidence. *See United States v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999). As discussed above, the government has not identified the precise statements it seeks to admit, and therefore the court cannot determine whether the statements are admissible.

### C. *Evidence of Other Proposed Drug Transactions*

Farmer also seeks to exclude statements by coconspirators regarding drug transactions other than his alleged purchase of 3 kilograms of cocaine on July 3, 2008. In support, Farmer argues he is not alleged to have personally participated in any of these other transactions and therefore they are irrelevant. But as discussed above, because Farmer is charged with conspiracy, statements made by others in furtherance of the conspiracy are admissible, even if they predate his involvement in the conspiracy. Accordingly, Farmer's argument that the statement should be excluded because they involve transactions in which he did not personally participate is unavailing, and his motion to exclude such evidence on that basis is denied.

### D. *Cellular Telephones Recovered from the Impala Automobile He Drove*

Next, Farmer seeks to exclude evidence of a cellular telephone seized from the Impala automobile he drove during the course of the instant offense, as well as records of calls to and from the phone. Farmer contends that such evidence is irrelevant because there is "no evidence indicating that [the government] can establish who actually owns this phone." Motion [93-1] at 6.

The relevance of the phone and phone records does not turn on who owned the phone, but rather whether they have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Accordingly, Farmer's motion to exclude based upon the fact that he did not own the phone is denied. The court does not at this time address whether evidence of the phone and phone records is relevant, as the parties have not described what the evidence would show.

### E. *Post-Arrest Statements of Codefendants*

Finally, Farmer argues that post-arrest statements by codefendants Herrera and Guiterrez should be excluded in the event that they do not testify at trial. The government has not objected, and therefore Farmer's motion is granted.

## CONCLUSION

Accordingly, the government's motion in limine [89-1], its motion to admit coconspirator statements [90-1], and Farmer's motion in limine [93-1] are granted in part and denied in part as detailed in this order.


ENTER:


DATE: October 16, 2009

*Blanche M. Manning*
Blanche M. Manning
United States District Judge